UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-CV-100

| | |
|---|---|
| RICHARD HAKA, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| MECKLENBURG COUNTY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Directed Verdict (Doc. No. 6). Because of the stage of the litigation, the court construes this motion as a Motion for Entry of Default.

Plaintiff contends that "[t]he [i]nitial [a]ttorney's [c]onference provided by Rule 26(f) to occur within 14 days following joinder of issues has not occurred," and that Plaintiff has "not received any due process notice at all." As defined in the Court's initial scheduling order, joinder of the issues "occurs when the last responsive pleading is filed . . . regardless of whether a preliminary motion is pending." Not only has no responsive pleading been filed in this case, Plaintiff has yet to serve Defendant, as required by section 1(a) of the Court's initial scheduling order and Fed. R. Civ. P. 4.

Furthermore, it is Plaintiff's responsibility, along with counsel for Defendant, to schedule and hold an initial attorney's conference pursuant to Fed. R. Civ. P. 26(f). The Court does not schedule or take part in an initial attorney's conference. See Fed R. Civ. P. 26(f)(2) ("The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and

for submitting to the court within 14 days after the conference a written report outlining the plan.").

Plaintiff also contends "[t]here are rumors circulating that the Charlotte-Mecklenburg Police have stolen the Court file relating to this instant case on two different occasions already, from the U.S. Courthouse Clerk's office." Plaintiff's case file, like all other files in the federal courthouse for the Western District of North Carolina, are stored electronically. The Court has in its possession the entire file for this case, including the complaint (Doc. No. 1), a motion from Plaintiff to proceed *in forma pauperis* (Doc. No. 2), a notice from Plaintiff of a change in his address (Doc. No. 3), a memorandum of discovery from Plaintiff (Doc. No. 4), a request from Plaintiff for hand delivered personal service of all documents (Doc. No. 5), and the instant motion (Doc. No. 6).

Plaintiff's request for a directed verdict or entry of default is hereby DENIED. Plaintiff's request for personal delivery of all documents is DENIED because there is no evidence that his mail is being withheld.

Plaintiff is HEREBY ORDERED to serve defendant with a summons and the complaint in this case pursuant to Fed. R. Civ. P. 4 or to voluntarily dismiss this action.

IT IS SO ORDERED.

Signed: March 15, 2012

Frank D. Whitney
United States District Judge