# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CV-100

| | |
|---|---|
| RICHARD HAKA, ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| MECKLENBURG COUNTY, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Plaintiff's Memorandum to the Court (Doc. No. 10). Plaintiff requests that the Court order the U.S. Marshal Service to serve Defendants in this case because the Court previously granted Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2).

The Court has not yet ordered service because the statute that governs proceedings *in forma pauperis*, 28 U.S.C. § 1915, states: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." Therefore, the Court reviewed Plaintiff's complaint to ensure it complies with this instruction.

On a form complaint, Plaintiff checked the box next to "Jurisdiction is proper in this court according to 42 U.S.C. § 1983"; however, Plaintiff alleges no facts that indicate a violation of that statute. Under "Nature of Case," Plaintiff writes "The County of Mecklenburg has been retaliating against me because of services I have provided to U.S. Government and due to diminished financial circumstances have tried to hostage me and to avoid criminal and civil responsibility with the courts."

Plaintiff lists two causes of action: 1) "Denial of Food Stamps" and 2) "Mecklenburg County

has interfered with my commerce by robbery and threats and extortion." To support his first cause of action, Plaintiff alleges "Mecklenburg County Dept. of Social Services has repeatedly issued Food Stamp cards in my name to other persons without my knowledge or consent *as crimes*" (emphasis added). It is unclear what federal statute Plaintiff seeks to enforce–if any–which is the only possible course for federal jurisdiction because diversity among the parties is not present. Therefore, the Court assumes Plaintiff intends for this claim to attach by the Court's supplemental jurisdiction. 28 U.S.C. § 1367. To support his second cause of action, Plaintiff alleges "Denial of food stamps coupled with Charlotte-Mecklenburg Police harassment and surveillance have enabled wire fraud robbery and hostage (18 U.S.C. 1203) taking extortion to extract money and value from me ongoing as Hobbes Act violation (18 U.S.C. 1591)." For this cause of action, Plaintiff cites two criminal violations, 18 U.S.C. § 1203, which prohibits hostage-taking, and 18 U.S.C. § 1591, which outlaws sex trafficking. These are criminal statutes enforced by the United States Attorney's Office and do not carry a private right of action.

The only other federal statute mentioned by Plaintiff is under the section of his complaint labeled "Injury." Here, Plaintiff alleges "I have been injured by intimidation of witness and victim when their employees and associates . . . have all 'fumed' me with Duke Power radioactive nuclear reactor mercury-laden waste water, using steam as delivery system as radiological dispersal device terrorism [sic]." Again, 18 U.S.C. § 1513 is a criminal statute with no private right of action aimed at "whoever kills or attempts to kill another person" to influence an official proceeding. Plaintiff has not alleged facts to support this crime, nor does he have the ability to bring a civil cause of action under it.

Because there is no private cause of action to support Plaintiff's second cause of action, no relief can be granted and the Court must dismiss it. See 28 U.S.C. § 1915 (noting that the court *shall*

dismiss a case proceeding *in forma pauperis* that fails to state a claim on which relief may be granted). Therefore, count two is hereby DISMISSED WITHOUT PREJUDICE.

The only cause of action Plaintiff has left is his first, which alleges denial of food stamps. Though Plaintiff alleges this count "as crimes," if the County is issuing food stamps in Plaintiff's name to others and Plaintiff is injured from their action he may have a cause of action under common law fraud or a state statute. However, because no federal claims remain, the Court declines to exercise its supplemental jurisdiction over this remaining claim. While courts can exercise supplemental jurisdiction over state law claims, 28 U.S.C. § 1367(a), the Court may decline to exercise that jurisdiction once it has dismissed all claims for which it has original jurisdiction. 28 U.S.C. § 1367(a)(3); see also Hardin v. Belmont Textile Machinery Co., 355 F. App'x 717, 723 (4th Cir. 2009) (noting that the supplemental jurisdiction doctrine indicates that courts have discretion in retaining or dismissing state law claims when the federal basis for an action is dismissed); Yashenko v. Harrah's N.C. Casino Co., 446 F.3d 541 (4th Cir. 2006) ("Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.") (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 353-54 (1988)). Therefore, Plaintiff's first cause of action is DISMISSED WITHOUT PREJUDICE.

With no remaining claims, it is HEREBY ORDERED THAT Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. Therefore, service by the U.S. Marshals is unnecessary.

Plaintiff has filed nine (9) other motions, notices, memoranda, exhibits, and miscellaneous filings with the Court (Doc. Nos. 4, 9-16). None of these appear to seek relief; however, to the extent they do, they are DENIED as moot.

IT IS SO ORDERED.

Signed: May 1, 2012

Frank D. Whitney
United States District Judge